Garrett A. Smee, Esq. (SBN 228055)
**RESNICK & LOUIS, P.C.**
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 627-9411
Facsimile: (714) 627-9411
E-mail: gsmee@rlattorneys.com
E-Service: mail@rlattorneys.com

Attorneys for Defendants/Counter-Claimants, CONTINUUM 33, LLC, dba Days Inn and DAYS INNS WORLDWIDE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| LAUREL PEYTON,<br><br>Plaintiff,<br><br>v.<br><br>DAYS INN WORLDWIDE, INC.; CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-01575-SVW-RAO_<br><br>**OBJECTION TO AMAZON.COM, INC.'S REPLY BRIEF** |
| CONTINUUM 33, LLC, dba Days Inn and DAYS INN WORLDWIDE, INC., Delaware limited liability companies,<br>Counter-Claimants,<br><br>v.<br><br>AMAZON.COM, INC., NINGBO PIN RUI KE WANG LUO JI SHU YOUXIANGONGSI dba AUTLAYCIL, Chinese business organization of unknown form,<br>Counter-Defendants. | *Complaint filed: December 27, 2023*<br>*Trial date: March 25, 2025*<br>Hearing Date: November 19, 2025<br>Time: 1:30 p.m. |

Amazon.Com, Inc. ("Amazon") invites clear error, and defies the Federal Rules of Civil Procedure with the Reply brief, filed just earlier today. According to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend a pleading once "as a matter of course" (a) within 21 days after the pleading was served, or (b) if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or motion under Rule 12(b), (e) or (f). Amazon here filed a Rule 12(b)(6) motion. As such, under Rule 15, Counter-Claimants had 21 days to file an amended Counter-Claim. Amazon filed the 12(b)(6) motion on October 18, 2024. (ROA #32.) Thus, Counter-Claimants' Amended Counter-Claim, filed just 10 days later, was timely. (ROA #33.)

The Rutter Group Guide, Federal Civil Procedure Before Trial, offers a plain explanation for this pleading rule: "The amended Rule gives the pleader an opportunity to consider the wisdom of amending to meet whatever arguments are raised in a responsive pleadings or in certain Rule 12 motions. Amending the initial pleading **<u>may avoid the need to decide</u>** the motion or reduce the number of issues to be decided, and will expedite determination of issues that might be raised seriatim." (Rutter Group: Federal Civil Procedure Before Trial, 8:1401.) As such, when Counter-Claimants amended the Counter-Claim, it created a new pleading, and if Amazon still sees deficiencies, it must file a fresh 12(b)(6) motion (again after further meet and confer).

The Rutter Guide goes on to provide: "Since a responsive pleading is required to a third-party complaint (FRCP 7(a)(6)), it may be amended as a matter of right in the same manner as a complaint." (Rutter Group: Federal Civil Procedure Before Trial, 8:1401.) In this regard, Counter-Claimants would like to briefly address the **semantic word play** Amazon raises with the "third-party practice" points it continues to advance. Under Rule 13(h), "p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." Rule 19 then discusses mandatory joinder:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) <u>in that person's absence, the court cannot accord complete relief among existing parties</u>; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 20(a)(2), relative to "permissive joinder" of "defendants" then states: "Persons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." These elements are met, under equitable indemnity laws in California, liability is joint and several for economic damages and several only for non-economic damages. (Cal. C. Civ. Proc. § 1431.)

A careful reading of the cited Rule, Federal Rule of Civil Procedure 14, renders the argument nonsensical. "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave **if** it files the third-party complaint <u>**more than 14 days**</u> after serving its original answer." (FRCP 14(a)(1) [emphasis added].) Here, Counter-Claimants filed

the notice of removal on July 26, 2024. (ROA #1). They then answered on August 8, 2024. (ROA #7). They then filed the Counter-Claim two days later, on August 7, 2024. (ROA #9). The Counter-Claim was timely, and the Court should ignore Amazon's argument to the contrary.

Counter-Claimants offered to extend the deadline for 12(b)(6) motion by a period of two weeks, but Amazon refused. The tactic is transparent, clearly seen through the reply – Amazon attempts to quickly snatch an order through sharp advocacy as opposed to a ruling on the true merits of the case.

In terms of the timeliness of the opposition, Counter-Claimants truly believed that an Amended Counter-Claim would moot the motion. When the Court then set the hearing for November 19, notwithstanding the Amended Counter-Claim (ROA #36), Counter-Claimants filed the short opposition to apprise the Court that an Amended Counter-Claim had in fact been filed.

## CONCLUSION

Counter-Claimants object, and move to strike the reply. In the unlikely event the Court is inclined to consider it, then Counter-Claimants would like an opportunity to brief the issues on the merits, even though they are clearly now moot. In the alternative, in the unlikely event the Court is inclined to grant the motion, Counter-Claimants ask for leave to amend.

Respectfully submitted,

Dated: November 4, 2024 **RESNICK & LOUIS, P.C.**

By: Garrett A. Smee

Garrett A. Smee, Esq.
Attorneys for Defendants/Counter-Claimants, CONTINUUM 33, LLC, dba Days Inn and DAYS INNS WORLDWIDE, INC.