Steven K. Hwang, Bar No. 216852
SKHwang@perkinscoie.com
Daniella M. Gutierrez, Bar No. 329289
DaniellaGutierrez@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399

Attorneys for Counter Defendant
Amazon.com, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL PEYTON,<br><br>Plaintiff,<br><br>v.<br><br>DAYS INN WORLDWIDE, INC.; CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-01575-SVW-RAO<br><br>**AMAZON.COM, INC.'S CONDITIONAL OPPOSITION TO EX PARTE APPLICATION TO CHANGE VENUE [DKT NO. 40]** |
| CONTINUUM 33, LLC, dba Days Inn and DAYS INN WORLDWIDE, INC., Delaware limited liability companies,<br><br>Counter Claimants,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Counter-Defendant. | |

**CONDITIONAL OPPOSITION TO EX PARTE APPLICATION TO CHANGE VENUE**

Defendants/Counter-Claimants' ("Claimants") *ex parte* application (the "Application") to change venue is another example of their attempt to avoid this

Court's ruling on Counter-Defendant Amazon.com, Inc.'s Motion to Dismiss the Counterclaim Against Amazon.com, Inc. ("Motion"; Dkt No. 32), filed on October 17, 2024. Amazon hereby conditionally opposes the Application, and requests that the Court issue its ruling on Amazon's pending motion to dismiss prior to any consideration of the relief sought in the Application.

Ex parte applications, by which moving parties seek to go to the head of the line in front of all other litigants and receive special treatment, are rarely justified. To justify such rare, special relief, the moving party must, at a minimum, show: (1) its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and (2) the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Gestion Lican, Inc. v. Good Earthkeeping Org., Inc.*, 2021 WL 5993517, at *2 (C.D. Cal. Sept. 14, 2021) (citations omitted). Claimants' eleventh-hour Application to transfer venue and stop the Court from ruling on Amazon's motion betrays an extraordinary lack of diligence.

The above-entitled action was removed to federal court on September 16, 2024 (Dkt. No. 12). Although the action was initially assigned to the Honorable Jesus G. Bernal, on July 29, 2024, the District Court provided notice to the parties that the case was randomly reassigned to the Honorable George H. Wu in the Western Division of the United States District Court for the Central District of California (Dkt No. 2). On July 31, 2024, Judge Wu entered an order returning the case for random reassignment (Dkt No. 6), and on August 8, 2024, a New Case Order was issued, which notified the parties that the case was assigned to this Court (Dkt No. 11). That same day, the Court issued an Order setting a status conference for September 16, 2024 (Dkt No. 12). Eleven days after this action was assigned to the Court and a status conference was set, Claimants filed their "Counterclaim" against Amazon (Dkt No. 14).

According to Claimants' supporting declaration to the Application (Dkt. 40-1), and notwithstanding previous orders issued by the District Court, on or around September 16, 2024, Claimants "realized" the case was assigned to the Western Division of the Central District, not the Eastern Division (Dkt No. 40-1, ¶ 4).

The appropriate time to seek a transfer in venue would have been months ago. Now, nearly two months after Claimants' revelation—and after Amazon's filing of the pending Motion, and Claimants' filing of a purported Amended Counterclaim and an untimely opposition to Amazon's Motion—Claimants bring this Application "on an emergent basis" for the express purpose of stopping the Court from ruling on Amazon's Motion (Dkt No. 40, p. 2 ("Continuum brings this application on an emergent basis because the Court has set a hearing on a 12(b)(6) motion for November 19, 2024. The Court should not rule on that motion.").)

Claimants have failed to demonstrate that exigent circumstances warrant the transfer of this matter to another venue prior to the Court's ruling on Amazon's pending Motion.

For the foregoing reasons, Amazon conditionally opposes the Application and respectfully requests that the Court rule on its pending Motion prior to the Application.

Dated: November 8, 2024

**PERKINS COIE LLP**

By: /s/ Daniella M. Gutierrez
Steven K. Hwang
Daniella M. Gutierrez

Attorneys for Counter Defendant
Amazon.com, Inc.