Garrett A. Smee, Esq. (SBN 228055)
**RESNICK & LOUIS, P.C.**
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 627-9411
Facsimile: (714) 627-9411
E-mail: gsmee@rlattorneys.com

Attorneys for Defendants/Counter-Claimants, CONTINUUM 33, LLC, dba Days Inn and WYNDHAM HOTELS & RESORTS, LLC, Delaware Limited Liability Companies

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT – WESTERN DIVISION

| | |
|---|---|
| LAUREL PEYTON,<br><br>Plaintiff,<br><br>v.<br><br>DAYS INN WORLDWIDE, INC.; CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-01575-SVW-RAO<br><br>**OPPOSITION TO AMAZON.COM, INC.'S 12(b)(6) MOTION**<br><br>Hearing Date: December 16, 2024<br>Hearing Time: 1:30 p.m.<br><br>*Complaint filed: December 27, 2023*<br>*Trial date: March 25, 2025* |
| CONTINUUM 33, LLC, dba Days Inn and DAYS INN WORLDWIDE, INC., Delaware limited liability companies,<br><br>Counter-Claimants,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Counter-Defendant. | |

Defendants/Counter-Claimants, CONTINUUM 33, LLC, dba Days Inn and DAYS INNS WORLDWIDE, INC. (hereinafter, "Continuum") submit the following opposition to Amazon.Com, Inc.'s ("Amazon's") 12(b)(6) motion to dismiss Continuum's Amended Counter-Claim:

## I. INTRODUCTION

Amazon argues that the Amended Counter-Claim simply repeats the allegations of the original Counter-Claim; but that is not true. The Amended Counter-Claim contains significant detail, including a picture of the allegedly defective bolt. In addition, Amazon failed to meet and confer before filing this second 12(b)(6) motion. The motion should be denied on this basis alone. More importantly, the cases Amazon relies on are dissimilar, and do not reflect California indemnity law. (See, *GEM Developers v. Hallcraft Homes of San Diego, Inc.* (1989) 213 Cal. App. 3d 419; *Safeway Stores, Inc. v. Nest-Kart* (1978) 21 Cal. 3d 322, 332 ["[W]e hold that . . . the comparative indemnity doctrine may be utilized to allocate liability between a <u>negligent and a strictly liable defendant</u>."]) In sum, Amazon seeks an early victory based on semantics and procedural nuances. The Court is required to view the pleadings liberally at this stage. Amazon would rather the Court rule early based on magic words, instead of determining the case on the merits. Amazon is asking the Court to do exactly the opposite of what a court should do, grant dismissal based on technical pleadings rules, and without leave to amend. Instead, the Court must allow this case to proceed to discovery to determine what truly caused this lounge chair to fail, if at all.

The bottom line is that if plaintiff succeeds, it will mean that Amazon placed a defective product into the stream of commerce. Amazon should not get special treatment, and achieve an easy victory in such a case, just because the Court may perceive Amazon as an industry giant.

///

///

## II. <u>SUMMARY OF FACTS</u>

Plaintiff Laurel Peyton brought this action in the California Superior Court on April 4, 2024. (Dkt. #1.) She alleged that she sustained injury at a motel in Palm Springs when she sat on a lounge chair, and it failed. (*Id.*)

Continuum removed the matter to the Eastern Division of the Central District of California on July 26, 2024 based on diversity jurisdiction. (*Id.*) Continuum then answered on August 5, 2024. (Dkt. #7.) Continuum then filed the original Counter-Claim two days later, on August 7, 2024. (Dkt. #9.)

On October 17, 2024, Amazon moved to dismiss based on Federal Rule of Civil Procedure 12(b)(6). (Dkt. #32.) On October 28, 2024, Continuum filed an Amended Counter-Claim. (Dkt. #33.) In it, Continuum alleged:

> 5. On April 6, 2022, one of the customers at the Days Inn in Palm Springs allegedly sustained an injury while sitting on a reclining lounge chair in the pool area of the motel. This customer, now referred to as "Laurel Peyton", **<u>allegedly fell backward on the chair due to a missing bolt and/or screw that had spontaneously fallen out of the chair.</u>** Here is the bolt that allegedly fell from the chair:



> 6. Defendants and Counter-Claimants vehemently deny the allegations of the Complaint. Specifically, they deny that any such accident occurred. Even if it did occur, they deny that Plaintiff sustained any compensable injury. <u>Continuum purchased the lounge chair in question from Amazon on July 29, 2021.</u> Specifically, Continuum purchased 25 chairs, for a total of $5,189.00. Even if this particular chair failed (something Defendants and Counter-Claimants currently deny), <u>it failed due to a defect in the chair itself.</u> Defendants and Counter-Claimants seek indemnity against Counter-Defendants Amazon and Autlaycil based on an equitable indemnity theory. (Id. at ¶¶ 5-6 [emphasis added].)

Amazon asserts that, as a matter of law, Continuum will never have a claim of indemnity or contribution against Amazon based on these alleged facts. Amazon seeks to have the court dismiss the Amended Counter-Claim, without leave to amend.

## III. <u>ARGUMENT</u>

### A. <u>Equitable indemnity elements in California</u>

"The right to indemnity flows from payment of a joint legal obligation on another's behalf." (*Bailey v. Safeway, Inc.* (1989) 199 Cal. App. 4th 206, 212 [citing *GEM*, *supra*, 213 Cal. App. 3d at 426].) "The right to equitable indemnity under common law depends on the principle that **everyone is responsible for the consequences of his or her own wrong**, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer, they may recover from him or her." (*Fireman's Ins. Fund Co. v. Haslam* (1994) 29 Cal. App. 4th 1347, 1353-54 [emphasis added].) "The elements of a cause of action for indemnity are (1) a showing of fault on the part of the indemnitor [i.e., Amazon] and (2) resulting damages to the indemnitee [i.e., Continuum] for which the indemnitor is . . . equitably responsible." (*Bailey*, *supra*, 199 Cal. App. 4th at 217.) "Unlike subrogation, in which the claimant stands in the shoes of the injured party, 'The basis for the remedy of equitable indemnity is restitution. "[O]ne person is unjustly

enriched at the expense of another when the other discharges liability that it should be his responsibility to pay." California common law recognizes a right of partial indemnity under which liability among multiple tortfeasors may be apportioned according to the comparative negligence of each.' The test for indemnity is thus whether the indemnitor and indemnitee **jointly** caused the plaintiff's injury." (*AmeriGas Propane, L.P. v. Landstar Ranger, Inc.* (2010) 184 Cal. App. 4th 981, 989 [emphasis added].) In California, equitable indemnity is a legal remedy, subject to a **jury trial**. (*Martin v. County of Los Angeles* (1996) 51 Cal. App. 4th 688, 698.)

Here, if Amazon placed a defective chair with a defective bolt into the stream of commerce, it will have liability for any resulting injury. This is known as "**strict** products liability." Amazon supplied this chair to Continuum in July of 2021. If it failed in April of 2022, then it did not work as a reasonable customer would expect. Most chairs do not break in this way in the span of less than a year. Most ordinary people would expect lounge chairs to last for several years, if not more. If Amazon has liability, and Continuum also has liability, then they will be "joint tortfeasors." In which case, Continuum will have the right to "equitable indemnity." This is a simple case, and the Court should see through Amazon's efforts to permanently contort it and muddy the waters.

**1. *Bailey***

Amazon cites *Bailey*, *supra*, for the notion that "Claimant cannot seek equitable indemnity against a retailer who did nothing more than offer the product for sale." (Dkt. #44, 11:18-20.) But, the facts of *Bailey* are **in the reverse of this case**, and Amazon is not simply a retailer who did "nothing more than offer the product for sale." No, as we all know, similar to the United States Postal Service, Amazon actually goes to homes and businesses, and delivers these products. These are not products simply sitting on the shelf of a grocery store.

In *Bailey*, Safeway had sold a defective champagne bottle. (*Bailey*, *supra*, 199 Cal. App. 4th at 209.) The injured plaintiff sued Safeway and the manufacturer of the

bottle. (*Id.*) Before trial, the manufacturer settled the case for $1 million. Then, strangely, the manufacturer assigned its own indemnity claim against Safeway to the injured plaintiff. Potentially, this would have given plaintiff (as an "assignee") the $1 million, plus whatever the plaintiff could recover against Safeway, stemming from the manufacturer's right to seek reimbursement against Safeway. (*Id.*) On a theory of strict-product's liability, the jury found Safeway and the manufacturer both at fault, but only for $718,915.78. (*Id.* at 210.) The jury found that Safeway was not "negligent." (*Id.*) This left the plaintiff with a later "equitable indemnity" lawsuit against Safeway for $718,915.78. (*Id.*) The California First District Court of Appeal determined that "the manufacturer of a product found to be defectively designed cannot seek equitable indemnity against a retailer whose fault is based only on that same product liability theory." (*Id.* at 209.) "Safeway's liability could only have been based on its role as retailer of the product the jury found to have been defectively designed by Saint-Gobain, the manufacturer." (*Id.* at 214.) "[Plaintiff] has not cited any authority, and we are unaware of any, which would allow the manufacturer of a product found to be defectively designed to obtain equitable indemnity against a retailer who did nothing more than offer the product for sale." (*Id.* [emphasis added].)

*Bailey* is the **opposite** of the instant case. This case does not involve the manufacturer's rights as against the end supplier; instead, it is in reverse. This is a case of indemnity against the supplier of an allegedly defective lounge chair, brought by the end-user. **Moreover, the Court in *Bailey* applied collateral estoppel principles as against the plaintiff, who had already liquidated his claim as against the manufacturer.** If Amazon sought indemnity against Continuum in this case, then *Bailey* might potentially apply. But, that is not what is happening. As such, Amazon's misplaces its reliance on *Bailey*.

If Continuum has liability for negligence, it will be because (1) Amazon was also negligent, or (2) Amazon has strict products liability. Either way, indemnity

principles will apply. (*GEM*, *supra*, 213 Cal. App. 3d at 426 ["apportionment of liability on the basis of comparative fault may be appropriate not only in cases involving multiple negligent tortfeasors, but also in **cases involving multiple tortfeasors who are strictly liable**."] [emphasis added].) *GEM* is even cited at length in the *Bailey* case.

**2. Off-point District Court Cases**

Amazon also cites two District Court cases involving wage and hour law. *Pavillard* consumes all of five <u>paragraphs</u>. An employee filed a wage and hour case against her employer. The employer then filed a "third-party complaint" against some sort of talent agency or a temp agency, in addition to an individual, "Josh Ryan", who may have worked for that temp agency. The temp agency was voluntarily dismissed, leaving only Ryan. The Court issued an order to show as to Ryan – it was not a 12(b)(6) motion. The Court basically determined that in a "conclusory" fashion, the employer had asserted a "derivative" case against Ryan. As such, the complaint was dismissed for not containing sufficient detail as to Ryan. In this regard, the complaint simply stated: "In the event of and to the extent that Ignite is determined to be wholly or partially liable to Plaintiff, Ignite is entitled to tor or partial indemnification." (*Pavillard v. Ignite Int'l, Ltd.* (March 31, 2022) LEXIS 102418.)

Unlike *Pavillard*, where the "third-party" plaintiff simply used conclusory language, Continuum here alleges (1) it bought the chair, along with 24 others, in July of 2021, (2) less than a year later, in April of 2022, the chair allegedly broke, resulting in alleged injuries, (3) the plaintiff claims that a bolt in the chair spontaneously became loose, resulting in the chair collapsing. In addition, Continuum presents a picture of the bolt, which plaintiff claims broke loose. Moreover, Continuum now brings a case against the manufacturer of the chair, who allegedly supplied the chair to Amazon. Continuum asserts that, if Continuum has

liability, **by definition**, Amazon will also be liable. This is enough to state a case of indemnity based on joint liability due to strict products liability and/or negligence.

Plaintiff also cites *Martinez v. Transp. Mgmt, LLC* (Aug. 25, 2008) U.S. Dist. LEXIS 132052. Plaintiffs there were truckers, and they sued trucking companies for wage and hour violations and mis-classification as "independent contractors." The trucking companies then attempted to bring a third-party complaint against other companies that the trucking companies did work for, claiming that if the employers were liable to the drivers, the third-parties owed indemnity to the trucking companies. The Court denied leave to file the third-party complaint.

This is a different case for two different reasons. First, as explained below Continuum need not seek leave for this Counter-Claim (i.e., third-party complaint) because Continuum timely filed the Counter-Claim. Second, and more importantly, the third-parties in *Martinez* simply owed no direct duties to the plaintiffs, so there was no risk of joint liability. Here, by contrast, Amazon certainly owed a direct duty to plaintiff, irrespective of how plaintiff has couched the case, giving rise to potential joint liability. (See, *GEM*, *supra*.)

**B. Elements for contribution in California**

"Indemnity seeks to transfer the entire loss imposed upon one tortfeasor to another who in justice and equity should bear it," but contribution "distributes the loss equally among all tortfeasors, each bearing his pro rata share." (*Herrero v. Atkinson* (1964) 227 Cal. App. 2d 69, 73.) The contribution cause of action is based on California Code of Civil Procedure section 875.

> (a) Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided.
>
> (b) Such right of contribution shall be administered in accordance with the principles of equity.

"Under the doctrine of strict products liability, all defendants in the chain of distribution are jointly and severally liable, meaning that each defendant can be held liable to the plaintiff for all damages the defective product caused." (*Romine v. Johnson Controls, Inc.* (2014) 224 Cal. App. 4th 990, 1010.)

Here, based on the above California Code of Civil Procedure, it makes no sense to force yet a second lawsuit once this case is over. But, that is exactly what Amazon wants. Taking Amazon's position to the logical conclusion, any case of negligence turns into a war of attrition if a supplier of a defective good places the product into the stream of commerce. Every such case turns into two separate cases, with a huge risk of multiplicity and inconsistent verdicts. That simply should not be the case. The courts should not condone such waste and inefficiency. In addition, as explained, this flies against the liberal pleading standards associated with "third-party practice" under Rule 14.

**C. <u>"Third-party practice"</u>**

"Impleader and ancillary jurisdiction are commonly used for claims against a third party for indemnification." (*Federal Deposit Ins. Corp. v. Loube* (1991) 134 F.R.D. 270, 273 [citing *United States v. Twin Falls* (9th Cir. 1986) 806 F.2d 862, 867].) "Since the rule is designed to reduce the multiplicity of litigation, it is construed liberally in favor of allowing impleader[.]" (*Id.* at 272.) The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. (Fed. R. Civ. Proc. 14(a).)

In this case, Amazon's entire argument hinges on semantics. Amazon relies heavily on the concept that Continuum should have used the magic words "Third-Party Complaint" as opposed to "Counter-Claim" or "Cross-Claim." This elevates form over substance. Amazon now asserts that Continuum needed to file a "motion for leave" because it did not file a document called "Third-Party Complaint." But, Continuum could have given it any label. Courts frequently disregard the labels

given to certain pleadings. Continuum could have given this pleading any random label, including "complaint", "indemnity lawsuit", "counter-suit", or "impleader." It matters not. What matters is the substance, and not the form. Indeed, as explained below, it is not entirely unclear that this case is not truly a "mandatory" Cross-Claim or Counter-Claim, or simply a permissive Cross-Claim.

Under Rule 13(h), "p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." Rule 19 then discusses mandatory joinder:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction ***must*** be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 20(a)(2), relative to "permissive joinder" of "defendants" then states: "Persons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

In this case, Continuum humbly submits that Amazon's joinder is mandatory. The Court cannot accord complete relief between the parties in the absence of Amazon. The Court runs the risk of inconsistent judgments. The Court runs the risk of duplicate trials, duplicate witnesses, duplicate evidence, duplicate exhibits, duplicate jury instructions, duplicate verdict forms, duplicate written discovery, duplicate depositions and dueling and inconsistent motions *in limine*. For these simple reasons, Amazon's approach is seen as unreasonable and unworkable.

Alternatively, the rule on permissive joinder would apply here. Whether or not plaintiff has couched this case as one of "joint liability", the fact remains that if there is liability against Continuum, it is joint to Amazon and the manufacturer. For all practical purposes, it is a claim for joint liability. As to the second element, there truly is a common question of both law and fact. Joint questions include:

1. Did plaintiff sustain an injury?
2. If so, what is the extent of injury?
3. What was the cause and mechanism of injury/malfunction?
4. Are the medical services and bills reasonable?
5. Did Amazon supply Continuum with a faulty lounge chair?
6. Did Autlaycil defectively design or manufacture the lounge chair, such that they owe Amazon indemnity and/or contribution?

## IV. <u>CONCLUSION</u>

Continuum asks the Court to deny the 12(b)(6) motion.

Dated: November 22, 2024

**RESNICK & LOUIS, P.C.**

By: *[signature]*
Garrett A. Smee, Esq.
Attorneys for Defendants/Counter-Claimants
CONTINUUM 33, LLC, dba Days
Inn and WYNDHAM HOTELS &
RESORTS, LLC, Delaware
Limited Liability Companies

**PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action. My business addreses is Resnick & Louis, P.C., 800 N. Haven Ave Suite 430. Ontario, CA 91764.

On November 22, 2024, I served the foregoing document(s) described as: **OPPOSITION TO AMAZON.COM, INC.'S 12(b)(6) MOTION** on interested parties in this action by sending a true copy of the document to the following parties as follows:

**SEE ATTACHED SERVICE LIST**

☒ **By CM/ECF Notice of Electronic Filing.** I electronically filed the document(s) with the Clerk of the Court by using CM/ECF system. Participants in the case who are registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **By United States Mail. (Courtesy Copy)** I caused such sealed envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Rancho Cucamonga, CA. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **By Overnight Delivery.** I caused such envelope(s) thereon fully prepaid to be placed via Federal Express I caused such envelope(s) thereon fully prepaid to be placed via Federal Express.

☐ **By Electronic Service.** Per C.C.P. §1010.6 subdivision (e), I caused the document(s) to be successfully transmitted via electronic mail to the offices of the addressees. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☐ **By Electronic Mail Via Case Anywhere.** (Complying with Code Civ. Proc. § 1010.6), I caused the above-entitled document(s) to be served through Case Anywhere at https://www.caseanywhere.com addressed to all parties appearing on the electronic service list for the above-entitled case. The service transmission was reported as complete and a copy of the Case Anywhere Receipt/Confirmation Page will be maintained with the original document(s) in this office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 22, 2024 at Escondido, California.

Francesca T. Lopez
an Employee of Resnick & Louis, P.C.

**SERVICE LIST**

| | |
|---|---|
| Arturo T. Salinas, Esq.<br>**LAW OFFICES OF JACOB EMRANI**<br>714 W. Olympic Blvd., Ste. 300<br>Los Angeles, CA 90015<br>T: (213) 748-7734<br>arturo@calljacob.com<br>yanira@calljacob.com;<br>annette.l@calljacob.com; | *Attorney for Plaintiff*<br>LAUREL PEYTON |
| Julie Weiswasser, Esq.<br>Joselyn Rodriguez, Paralegal<br>**WYNDHAM HOTEL & RESORTS**<br>Inhouse Counsel<br>22 Sylvan Way<br>Parsippany, New Jersey 07054<br>Phone (973) 753-6000<br>Paralegal (973) 753-7743<br>Fax (973) 753-4745<br>Julie.weiswasser@wyndham.com<br>joselyn.rodriguez@wyndham.com | *Attorney for Defendant*<br>DAYS INN WORLWIDE, INC. |
| Steven K. Hwang, Esq.<br>Daniella M. Guiterrez, Esq.<br>**PERKINS COLE LLP**<br>1888 Century Park East, Ste. 1700<br>Los Angeles, CA 9006701721<br>Tel: (310) 788-9900<br>DaniellaGutierrez@perkinscoie.com;<br>skhwang@perkinscoie.com; | *Attorney for Counter-Defendant*<br>AMAZON.com, INC. |