Arturo T. Salinas, Esq., State Bar No. 134174
LAW OFFICES OF JACOB EMRANI
A Professional Corporation
714 W. Olympic Blvd., Suite 300
Los Angeles, California 90015
Telephone: 213-748-7734
Facsimile: 213-748-8879
Email: arturo@calljacob.com

Attorneys for Plaintiff
LAUREL PEYTON

UNITED SATES DISTRICT COURT

CENTRAL DISTRICT – WESTERN DIVISION

| | |
|---|---|
| LAUREL PEYTON;<br><br>Plaintiff,<br><br>vs.<br><br>DAYS INN WORLDWIDE, INC., CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; and DOES 1 to 50,<br><br>Defendants. | Case No.: 5:24-cv-01575-SVW-MAA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH DECLARATIONS OF LAUREL PEYTON; KENNETH ALVIN SOLOMON, Ph.D.; AND ARTURO T. SALINAS, ESQ.**<br><br>**(*Filed and Served Commensurate with Plaintiff's Responding Separate Statement of Uncontroverted Material Facts & Objections to Defendants' Evidence*.)**<br><br>MSJ Hearing Date: March 17, 2025<br><br>Complaint Filed: December 27, 2023<br>Trial Date: March 25, 2025 |

///

TO ALL PARTIES AND THEIR COUNSELS OF RECORD:

**COMES NOW PLAINTIFF LAUREL PEYTON AND HEREWITH OPPOSES THE DEFENDANTS' CONTINUUM 33, LLC; DAYS INNS WORLDWIDE, INC. and IAN KAMINSKI'S MOTION FOR SUMMARY JUDGMENT AS FOLLOWS:**

/ / / / /

/ / / / /

# TABLE OF CONTENTS


| | Page |
|---|---|
| TABLE OF AUTHORITIES…………………………………………… | 4 |
| TABLE OF CASES…………………………………………………... | 4 |
| STATUTES………………………………………………………… | 5 |
| MEMORANDUM OF POINTS AND AUTHORITIES…………………… | 6 |
| I. INTRODUCTON AND STATEMENT OF THE FACTS……………….. | 6 |
| II. SUMMARY OF ARGUMENT…………………………………… | 8 |
| III. PURSUANT TO RULE 56(d) A BRIEF CONTINUANCE OF THIS HEARING IS IN ORDER TO ALLOW PLANTIFF TO COMPLETE THE ESSENTIAL DEPOSITIONS OF THE FORMER GENERAL MANAGER SAMMONS, AND TWO OTHER EXECUTIVES OR EMPLOYEES IDENTIFIED OF THE DEFENDANTS…………………... | 10 |
| IV. SUMMARY JUDGMENT IS NOT PROPER WHEN THERE IS A GENUINE DISPUTE AS TO ANY MATERIAL FACT AND THE MOVANT IS ENTITLED TO JUDGEMENT AS A MATER OF LAW…. | 11 |
| a. There is a Genuine Issue of Material Fact Regarding Defendants' Lack of Any Policy or Protocol for Inspecting the Subject Chairs……………………………………… | 13 |
| b. Defendants Cannot and Do Not Prove "Active Inspection" of the Chairs………………………………………………… | 14 |
| c. The Sammons' Declaration is Subject to Plaintiff's Objections…………………………………………… | 15 |
| V. WHETHER DEFENDANT EXERCISED REASONABLE CARE IS A | |

QUESTION OF FACT FOR THE JURY, AND NOT TO BE DETERMINED BY THE COURT ON A SUMMARY JUDGMENT MOTION.................................................................... 16

CONCLUSION........................................................................ 17

## TABLE OF AUTHORITIES

| TABLE OF CASES | Page(s) |
|---|---|
| *Alspaugh v. McConnell* (6th Cir. 2011) 643 F3d 162, 166-167............. | 12 |
| *Brooks v. Eugene Burger Management Corp*. (1989)215 Cal.App.3d 1611, 1619.......................................................... | 12-13 |
| *Firman v. Life Ins. Co. of North America (5th Cir. 2012) 684 F3d 533, 538 (quoting Anderson v. Liberty Lobby, Inc. (1986) 477 US 242, 255, 106 S.Ct. 2505, 2513*............................................ | 12 |
| *Louie vs. Hagstrom's Food Stores* (1947) 81 Cal.App.2d 601, 608......... | 16 |
| *Norse v. City of Santa Cruz*, supra, 629 F3d at 972............................. | 12 |
| *Ortega v. Kmart Corp*. (2001)26 Cal.4th 1200, 1205........................ | 13, 16 |
| *Reeves v. Sanderson Plumbing Products, Inc.* (2000) 530 US 133, 150, 120 S.Ct. 2097, 2100............................................. | 12, 14 |
| *Rothschild v. Fourth & Market Street Realty Co.* (1934)139 Cal.App. 625, 627.......................................................... | 13 |
| *Rowland v. Christian*, supra, 69 Cal.2d 108................................. | 12 |
| *Satamian v. Costco Wholesale Corporation*, (C.D. CA., 2021) 2021 WL 4805311................................................................ | 9, 14 |
| *Zadoian v. Target Corporation* (C.D. CA., 2020) 2020 WL 1652351...... | 9, 14, 15 |

## STATUTES

Federal Rule of Civil Procedure 56(a)........................................ 12
Federal Rule of Civil Procedure 56(d)........................................ 10
Federal Rules of Evidence 402................................................ 15
Federal Rules of Evidence 602................................................ 15
Federal Rules of Evidence 801(c)............................................ 15

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTON AND STATEMENT OF THE FACTS

This action stems from an incident that occurred on the evening of April 6, 2022, at a hotel in Palm Springs, California, known at the time as the Days Inn, when a pool-side lounge chair collapsed under the Plaintiff, LAUREN PEYTON (age 69 at the time). The top part of the chair collapsed such that Mrs. PEYTON's upper body was thrust backward almost to the ground, and she sustained back, neck, head and dental injuries. (Plaintiff's Responding Separate Statement of Disputed and Undisputed Material Facts, "PRUMF", Fact No. 1.) When she initially sat on the chair, it was at its full upright position, and she did not initially recline on the chair. It was only when Ms. Peyton's attention was drawn to the sky by a helicopter close overhead that her upper body fell suddenly backward, almost to the ground. (PRUMF No. 2.)

Before she sat on the chair, Mrs. PEYTON was not provided with any kind of warning, or notice, to test the back of the chair before she sat on it. (PRUMF No. 3.) After the incident, it appeared to her that the loops which are intended hold the back of the chair in place while a person is reclined failed to properly hold the back of the chair in place. (PRUMF No. 4.)

Mrs. PEYTON immediately reported the incident to the front desk. (PRUMF No. 5.) Before she left the hotel days later, she was informed that two other guests, Barbara Zepeda and Jodie Arevalo, had experienced prior similar incidents on similar lounge chairs at the hotel. (PRUMF No. 6.)

At the time of the incident, the Defendant Hotel had no written policies or procedures for inspections of these chairs. (PRUMF No. 7, and Exhibit 1 hereto.) Based on the Declaration of the General Manager, it was up to an employee to report any issues if they should happen to encounter an issue. (Defendants' Undisputed Material Facts, "DUMF", Nos. 13 and 14.) The policy in place for dangerous conditions by Defendant at the time was "keep a look out."

(PRUMF No. 8 and DUMF No. 15.)

A declaration by Kenneth Alvin Solomon, Ph.D., P.E., has been offered in support of this Opposition. Dr. Solomon has a Bachelor of Science degree in Engineering in 1971, a Master of Science degree in Engineering in 1971, a Doctor of Philosophy degree in Engineering in 1974 and Post Doctorate Training in Risk Benefit Assessment from 1974 through 1977, each from The School of Engineering and Applied Sciences, Department of Energy and Kinetics, UCLA. Dr. Solomon has been a professional Engineer since 1976. He worked at RAND for over twenty years as a Senior Scientist researching risk assessment, accident reconstruction, biomechanics, and human factors. He was a faculty member of the RAND Graduate School for 18 years. He served as adjunct faculty at UCLA for ten years for the Energy and Kinetics Department and the Mechanical, Aerospace, and Nuclear Engineering Department. Dr. Solomon was also visiting faculty at the Mechanical, Aerospace, and Nuclear Engineering Departments from 1993 to 1994 and 1994 to 1995. (PRUMF No. 9.)

Among Dr. Solomon's expressed opinions are the following:

Defendant Continuum 33 failed to provide sufficient documentation to support an adequate inspection and maintenance protocol of the subject lounge chair. Without this documentation and until this documentation is detailed, the subject injury cannot be ruled out as emanating from an inadequate inspection and maintenance procedure and this action directly led to the subject injury. (PRUMF No. 10.)

Defendant Continuum 33 mentioned that employees were instructed to keep a look out for dangerous conditions and regularly inspect the premises within the standards in the hospitality industry. It is not specified if this included inspecting the chairs or how thoroughly the chairs were inspected for defects, if at all. (PRUMF No. 11.)

The chair's failure likely occurred under normal and reasonable use. Photos of the chair show physical evidence of warping on the lowest notch of the chair (see Figure 1) which would hold the chair in an upright position. When this notched opened up as seen in the photograph, the chair would extend as described and result in the chair's back support reclining open to its full extent. This is consistent with the description of the subject incident. (PRUMF No. 12.)

**II. SUMMARY OF ARGUMENT:**

Plaintiff has recently agreed to dismiss for waiver of costs DAYS INN WORLDWIDE, INC. and IAN KAMINSKI. It is anticipated that these two defendants will have been ordered dismissed by the hearing date of this motion. The case will proceed against defendant CONTINUUM 33, LLC.

The Defendants now move for summary judgment based on the contentions that their employees are trained to be "on the look out" for any dangerous conditions, including seemingly conditions of the subject lounge chairs, and that despite these "inspections" they have received no notice of any dangerous issues with said lounge chairs. The defense would have the Court believe that despite their "keeping a look out" for dangerous conditions, they never, by happenstance, learned of any defect or condition of a lounge chair which would render it dangerous.

Plaintiff is entitled to have a jury see and hear the evidence that Defendants' did not have any written policies or procedure for active inspections of the lounge chairs, and that the policy in place is merely "keep a look out." As explained by Dr. Solomon, photos of a facsimile chair show the chairs are subject to warping (PRUMF No. 12), and with the described "keep a look out" policy, it cannot be assured that there was any adequate inspection and maintenance protocol. (PRUMF No. 12.) A jury upon being presented with the evidence should decide whether the incident emanated from the Defendants' substandard inspection and maintenance procedures.

There is a genuine issue of material fact as to whether the Defendants' inspections policy complied with industry standard, and whether its failure to have any "active inspection" resulted in the incident. (See *Satamian v. Costco Wholesale Corporation*, (C.D. CA., 2021) 2021 WL 4805311, and *Zadoian v. Target Corporation* (C.D. CA., 2020) 2020 WL 1652351.)

Plaintiff argues that the evidence shows that Defendant did not have in place an

adequate and active inspection system concerning these lounge chairs, and that this incident emanated from the lack of an adequate inspection policy and protocol. There is a genuine issue of material fact whether "keep a look out" complies with the standard in the industry for inspection of such chairs. Dr. Solomon states the policy in place at the time does not meet such standards. (PRUMF No. 10.) For these reasons Plaintiff is entitled to have a jury decide the issue.

Nonetheless, if the Court were inclined to grant this Motion, before this Motion was filed, Plaintiff's counsel has been trying to schedule the depositions of three employees, or executives, of the Defendant, two of whom have filed declarations in support of the motion. Now Jon Newman's deposition is scheduled for Monday, February 24, and Erin Sammons deposition is scheduled for Wednesday, February 26, after the due date for this Opposition. As such there are grounds under Federal Rule 56(d) for a continuance of the hearing to allow the depositions to take place and any information possibly incorporated with this Opposition.

**III. PURSUANT TO RULE 56(d) A BRIEF CONTINUANCE OF THIS HEARING IS IN ORDER TO ALLOW PLANTIFF TO COMPLETE THE ESSENTIAL DEPOSITIONS OF THE FORMER GENERAL MANAGER SAMMONS, AND TWO OTHER EXECUTIVES OR EMPLOYEES IDENTIFIED OF THE DEFENDANTS.**

Plaintiff's counsel has been inquiring of the defense counsel as to scheduling the depositions of its former General Manager, Erin Sammons, and the executive, Jon Newman,

as well as third employee identified by the defense, Megan Fox Reeves, since before this motion was served and filed. (PRUMF No. 13.) The deposition of Jon Newman is now scheduled for February 24, and on Saturday, February 22, Defense did confirm the deposition of Erin Sammons for February 26. As to Ms. Fox Reeves, the defense has had no success contacting her apparently, and has given Plaintiff Mr. Fox Reeves phone number and left it up to Plaintiff to obtain her cooperation. (PRUMF No. 14.) It happens that Sammons and Newman have offered declarations in support of the motion.

Federal Rule of Civil Procedure 56(d) provides as follows:

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

1) defer considering the motion or deny it;

2) allow time to obtain affidavits or declarations or to take discovery; or

3) issue any other appropriate order."

Plaintiff is entitled to have the depositions of the three employees identified by the defense, two of which filed declarations to support this motion. There are good grounds for the Court to continue this motion to allow these depositions to be completed so that Plaintiff may at least have a chance to incorporate potential additional facts into this Opposition.

**IV. SUMMARY JUDGMENT IS NOT PROPER WHEN THERE IS A GENUINE DISPUTE AS TO ANY MATERIAL FACT AND THE MOVANT IS ENTITLED TO JUDGEMENT AS A MATER OF LAW.**

A motion for summary judgement provides a procedure for terminating actions

Without trial where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. (Federal *Rule of Civil Procedure* 56(a).) Summary judgment may be entered for the moving party only if there are no genuine issues of material fact to be resolved by the jury. [*Reeves v. Sanderson Plumbing Products, Inc.* (2000) 530 US 133, 150, 120 S.Ct. 2097, 2100.] Despite Rule 56's mandatory language, the rule is not absolute: "Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *[Firman v. Life Ins. Co. of North America (5th Cir. 2012) 684 F3d 533, 538 (quoting Anderson v. Liberty Lobby, Inc. (1986) 477 US 242, 255, 106 S.Ct. 2505, 2513.*

"[G]rants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue." [*Norse v. City of Santa Cruz*, supra, 629 F3d at 972. "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." [*Norse v. City of Santa Cruz*, supra, 629 F3d at 972 (decided under former Rule 56); *Alspaugh v. McConnell* (6th Cir. 2011) 643 F3d 162, 166-167.

As to substantive law, the present action is dealing with Premises Liability. "Premises liability is a form of negligence based on the holding in *Rowland v. Christian*, supra, 69 Cal.2d 108, and is described as follows: The owner of premises is under a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm. A failure to fulfill this duty is

negligence." *Brooks v. Eugene Burger Management Corp.* (1989)215 Cal.App.3d 1611, 1619.

> "It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe. (CITATION) In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages. (CITATION) A plaintiff meets the causation element by showing that (1) the defendant's breach of its duty to exercise ordinary care was a substantial factor in bringing about plaintiff's harm, and (2) there is no rule of law relieving the defendant of liability. (CITATION) These are factual questions for the jury to decide, except in cases in which the facts as to causation are undisputed." *Ortega v. Kmart Corp.* (2001)26 Cal.4th 1200, 1205.

"[T]he question whether the condition which caused the injury had existed so long as to be discoverable by the defendant within a reasonable time is one for the jury." *Rothschild v. Fourth & Market Street Realty Co.* (1934)139 Cal.App. 625, 627.

a. There is a Genuine Issue of Material Fact Regarding Defendants' Lack of Any Policy or Protocol for Inspecting the Subject Chairs.

It is established that the Defendants' had no documents, or writings, concerning any inspection protocol concerning these lounge chairs. (PRUMF No. 7.) The policy in place for dangerous conditions by Defendant at the time was "keep a look out." (PRUMF No. 8.) It is the opinions of Dr. Solomon, that these lounge chairs are subject to warping arising out

of normal use (PRUMF No. 12), and that this "keep a look out" method of inspections is inadequate. (PRUMF Nos. 10 and 11.) Based on the evidence at is exists, it cannot be ruled out that this incident emanated from the Defendants' inadequate "inspection" method.

The facts herein present genuine issues of material fact to be resolved by the jury. [*Reeves v. Sanderson Plumbing Products, Inc.* (2000) 530 US 133, 150, 120 S.Ct. 2097, 2100.] Plaintiff is entitled to have a jury decide if the procedures the Defendant had in place on the date of the incident were sufficient. It is Plaintiff's contention that "keep a look out" is not adequate where the safety of guests is concerned.

b. Defendants Cannot and Do Not Prove "Active Inspection" of the Chairs.

In *Satamian v. Costco Wholesale Corporation*, (C.D. CA., 2021) 2021 WL 4805311, at page 4 of the Westlaw version (Exhibit M of Defendant's Appendix of Non-California Authorities) the court wrote under heading B as follows:

> "As a general proposition, if there is undisputed evidence that an active inspection of the relevant area occurred less than 30 minutes before the accident, summary judgment in favor of the store owner is appropriate, if not, the question should be resolved by the jury." (Underscore added to the court's text for emphasis.)

Regarding the concept of "active inspection" the court distinguished the facts in *Zadoian v. Target Corporation* (C.D. CA., 2020) 2020 WL 1652351, where the court held that the plaintiff raised a genuine dispute as to whether two Target employees actively inspected the area where the plaintiff slipped and fell. The Court in *Satamian, supra,* described the issue presented in *Zadoian, supra,* as follows:

"In that case, it was undisputed that two store employees walked through the aisle where the plaintiff fell approximately fourteen minutes before the subject fall. . . Nevertheless, the Court reasoned that it was 'not obvious from the surveillance footage that [the employees] were looking at the floor for hazards when they walked through the area on question.' . . . Moreover, the employees did not declare that they 'actively inspected the area' or that they even 'looked at the floor' while walking down the aisle. Rather they only declared that they are 'constantly inspecting the floor.' The Court reasoned that the evidence did not conclusively establish that the condition that led to the plaintiff's fall did not exist, and a genuine issue remained as to whether the employees inspected the floor." (Text located at page 5 of the Westlaw version.)

In *Zadoian, supra*, video evidence that two employees were at a given location, or walked through a given location, was not enough to prove an "active inspection."

Here, all the defense has to show that it undertook reasonable inspections for chairs that may be warped was is guidance to its employes to "keep a look out." Once again, it that enough of a standard when guest safety is concerned. Plaintiff offers that it is not, and at the very least, a jury should decide this issue.

c. <u>The Sammons' Declaration is Subject to Plaintiff's Objections.</u>

Plaintiff has offered objections to the declaration of Erin Sammons concerning her statements in absolute terms that: 1) no customer had ever complained about these chairs other than Plaintiff; 2) no customer had ever sustained an injury on a broken chair other than Plaintiff; 3) and no customer had ever sustained an injury in the pool areas , other than

Plaintiff. The Objections based on Federal Rules of Evidence 402, 602, and 801(c). There is no explanation by Sammons as to how it is she can state in absolute terms these events never occurred. Did she review a data base, or a diary. These statements should be stricken as they are not trustworthy statements of fact.

**V. WHETHER DEFENDANT EXERCISED REASONABLE CARE IS A QUESTION OF FACT FOR THE JURY, AND NOT TO BE DETERMINED BY THE COURT ON A SUMMARY JUDGMENT MOTION.**

Whether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations. Each accident must be viewed in light of its own unique circumstances. *Louie vs. Hagstrom's Food Stores* (1947) 81 Cal.App.2d 601, 608.

"[I]f the plaintiffs can show an inspection was not made within a particular period of time prior to an accident, they may raise an inference the condition did exist long enough for the owner to have discovered it. (Citation.) <u>It remains a question of fact for the jury whether, under all the circumstances, the defective condition existed long enough so that it would have been discovered and remedied by an owner in the exercise of reasonable care</u>." *Ortega vs. Kmart Corp., supra,* 36 P.3d 11, 20. [Emphasis added.]

As noted, the declaration of Plaintiff's safety consultant Dr. Solomon shows that Defendants has not taken adequate action that would entitle them to summary judgment. They have no documents to show any conduct that would be considered reasonable. (PUMF No. 7.) There is no evidence of any active inspection of these chairs that are subject to

warping.

As further elucidated by Dr. Solomon, Defendants' fail to show evidence of adequate inspections. Plaintiff will present this evidence to a jury and a jury could return a verdict against defense, and she has provided enough evidence to show that there is a genuine issue of material fact to support denial of this motion.

**CONCLUSION.**

This motion should be denied because there is no evidence of what kind of inspection Defendants' performed, and certainly there is no evidence to support any "active" inspection. The lack of evidence to support a proper inspection is exclusively due to the poor decisions and inaction of the Defendant. They are not deserving of a grant of summary judgment. Plaintiff on the other hand has provided sufficient factual support to establish that there is a triable issue of fact as to whether Defendant breached its duty of care to Plaintiff.

Dated: February 24, 2025

**LAW OFFICES OF JACOB EMRANI**
A Professional Corporation

BY: *Arturo Salinas*
ARTURO T. SALINAS, ESQ.
Attorneys for Plaintiff
LAUREL PEYTON

Arturo T. Salinas, Esq., State Bar No. 134174
LAW OFFICES OF JACOB EMRANI
A Professional Corporation
714 W. Olympic Blvd., Suite 300
Los Angeles, California 90015
Telephone: 213-748-7734
Facsimile: 213-748-8879
Email: arturo@calljacob.com

Attorneys for Plaintiff LAUREL PEYTON

UNITED SATES DISTRICT COURT

CENTRAL DISTRICT – EASTERN DIVISION

| | |
|---|---|
| LAUREL PEYTON;<br><br>PLAINTIFF,<br><br>VS.<br><br>DAYS INN WORLDWIDE, INC., CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; AND DOES 1 TO 50,<br><br>DEFENDANTS. | CASE NO.: 5:24-CV-01575-SVW-MAA<br><br>**DECLARATION OF LAUREL PEYTON**<br><br>MSJ Hearing Date: March 17, 2025<br><br>Complaint Filed: December 27, 2023<br>Trial Date: March 25, 2025 |

///

///



The signed document can be validated at https://app.vinesign.com/Verify

**DECLARATION OF LAUEL PEYTON IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.**

I, Laurel Peyton, declare:

I am over the age of eighteen, and I am the Plaintiff in this matter. I have personal knowledge of the following facts, and if called and sworn to testify with respect thereto, I would do so competently as follows:

1. On the evening of April 6, 2022, I suffered injuries at the defendant hotel known as the Days Inn in Palm Springs, California, when a pool-side lounge chair I was sitting in collapsed under me, and my upper body fell very forcefully backwards on the chair. I suffered back, neck, and head pain almost immediately. I also suffered dental injuries in the incident.

2. When I initially sat on the chair, it was at its full upright position. I did not initially recline on the chair. It was only when my attention was drawn to the sky by a helicopter close overhead that my upper body fell suddenly backward, almost to the ground.

3. I did not test the chair before I sat on it, but I was not warned by any person, or written notice, to do so. After the incident, it appeared to me that the loops which are intended hold the back of the chair in place while a person is reclined failed to properly hold the back of the chair in place.

4. I immediately reported the incident to the front desk. Before I left the hotel days later, I was informed that two other guests, Barbara Zepeda and Jodie Arevalo, had experienced prior similar incidents on similar lounge chairs at the hotel.

I declare, under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

This declaration was signed on this 24th day of February, 2025, at Thousand Oaks, California.

Laurel Peyton, declarant

Arturo T. Salinas, Esq., State Bar No. 134174
LAW OFFICES OF JACOB EMRANI
A Professional Corporation
714 W. Olympic Blvd., Suite 300
Los Angeles, California 90015
Telephone: 213-748-7734
Facsimile: 213-748-8879
Email: arturo@calljacob.com

Attorneys for Plaintiff
LAUREL PEYTON

UNITED SATES DISTRICT COURT

CENTRAL DISTRICT – WESTERN DIVISION

| | |
|---|---|
| LAUREL PEYTON;<br><br>Plaintiff,<br><br>vs.<br><br>DAYS INN WORLDWIDE, INC., CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; and DOES 1 to 50,<br><br>Defendants. | Case No.: 5:24-cv-01575-SVW-MAA<br><br>**DECLARATION OF KENNETH A. SOLOMON PH.D., P.E., POST PH.D.**<br><br>Complaint Filed: December 27, 2023<br>Trial Date: March 25, 2025 |

///

///

///

# DECLARATION OF KENNETH A. SOLOMON PH.D., P.E., POST PH.D.

I, Kenneth Alvin Solomon, Ph.D., P.E., Post Ph.D. declare:

1. I am Chief Scientist at the Institute of Risk & Safety Analyses (IRSA) with applied expertise in accident reconstruction, biomechanics, and human factors.

2. IRSA with its former and current title has been in continuous operation since 1974 and currently employs 21 staff.

3. Attached as Exhibit 1 to this declaration In Opposition to Defendants Motion for Summary Judgment is a true and correct copy of my Curriculum Vitae.

.

4. In particular, my credentials are as follows: I earned a Bachelor of Science degree in Engineering in 1971, a Master of Science degree in Engineering in 1971, a Doctor of Philosophy degree in Engineering in 1974 and Post Doctorate Training in Risk Benefit Assessment from 1974 through 1977, each from The School of Engineering and Applied Sciences, Department of Energy and Kinetics, UCLA. I have been a professional Engineer (CA NU1735) since 1976. I retired from RAND on December 31, 1998, after twenty years and nine months as a Senior Scientist. My research at RAND was primarily in risk assessment, specifically including accident reconstruction, biomechanics, and human factors. I was a faculty member of the RAND Graduate School for 18 years. I served as adjunct faculty at UCLA for ten years for the Energy and Kinetics Department and the Mechanical, Aerospace, and Nuclear Engineering Department. I was also visiting faculty at the Mechanical, Aerospace, and Nuclear Engineering Departments

from 1993 to 1994 and 1994 to 1995. I was a PSR (Professional Services Reserve) from 2000 through 2006, and a PSCR through July 2007 with the Orange County Sheriff-Coroner's Department; I also served as a Commissioner with the City of Calabasas Policing Commission from 2000 to 2004. From 2004 through 2005, I served as a Policing & Safety Commissioner, and my venue included police, fire, traffic, and building safety.

I have been appointed to multiple Safety Commissions at the International, Federal, State, County, and City levels.

4. I have published more than 200 internationally distributed scientific articles, reports, and presentations; co-authored fifteen books, and served as a guest editor of the International Journal of Hazardous Materials. The majority of my papers and book co-authorships address risk and safety issues, as well as risk perception. For the past 50 years, I have reconstructed numerous (in excess of 15,000) automotive, industrial, recreational, and premises liability accidents for both litigation and non-litigation matters (such as teaching, research matters and consulting) . Also, I have qualified in Court (California and other states) about 2500 times as an expert witness in accident reconstruction, biomechanics, and/or human factors. Of the more than 15,000 matters I have investigated, in excess of 50 have addressed injuries due to chairs and lounges and more than 3,000 have addressed injuries at premises in general.

5. I am familiar with the ISO 7173:2023 – Furniture – Chairs And Stools – Determination Of Strength And Durability details test methods for chairs and tools.

ISO 7173:2023 specifies the following tests should take place for chairs: Combined seat and backrest static load test, seat front edge static load test, armrest downward static load test – central Armrest downward static load test – front Armrest sideways static load test, footrest static load test, seat and backrest durability, armrest durability, swivel test, footrest durability, and castor and chair base durability.

6. I am familiar with safety inspection requirements for a variety of products and premises settings.

7. I have reviewed the following documents and materials:

a. ISO 7173:2023
b. Notice of Motion and Motion for Summary Judgment,
c. Notice of Lodgment of Exhibits in Support of Motion for Summary Judgment,
d. Separate Statement of Uncontroverted Facts in Support of Motion for Summary Judgment,
e. Declaration of Ian Kaminski,
f. Declaration of Erin Sammons,
g. Declaration of Jon Newman,
h. Declaration of Kendra Mallet,

i. Defendants' Response to Plaintiff's Request for Production of Documents, Set one,

j. Plaintiff Payton's Medical records from Deborah Azoff Wallman, DDS and Eisenhower Health,

k. Seventeen (17) color photographs of the subject chairs, and

l. Two (2) color photographs of Ms. Payton's injuries.

8. Based upon review of the above, it is my opinion that:

a. Defendant Continuum 33 failed to provide sufficient documentation to support an adequate inspection and maintenance protocol of the subject lounge chair. Without this documentation and until this documentation is detailed, the subject injury cannot be ruled out as emanating from an inadequate inspection and maintenance procedure and this action directly led to the subject injury.

b. Defendant Continuum 33 mentioned that employees were instructed to keep a look out for dangerous conditions and regularly inspect the premises within the standards in the hospitality industry. It is not specified if this included inspecting the chairs or how thoroughly the chairs were inspected for defects, if at all.

c. The chair's failure likely occurred under normal and reasonable use. Photos of the chair show physical evidence of warping on the lowest notch of the chair (see Figure 1) which would hold the chair in an upright position. When this notched opened up as seen in the photograph, the chair would extend as described and result in the chair's back support reclining open to its full extent. This is consistent with the description of the subject incident.

d. Further investigation and inspections of similar or identical chairs is needed to verify the chairs compliance with the above mentioned ISO 713:2023 and other applicable codes.



**Figure 1: Chair notch warping**

I declare under penalty of perjury, under the law of the State of California, that the forgoing is true and correct.

Executed this 24th day of February 2025, at Woodland Hills, California 91364.

KENNETH ALVIN SOLOMON, PH.D., P.E., POST PH.D.

Arturo T. Salinas, Esq., State Bar No. 134174
LAW OFFICES OF JACOB EMRANI
A Professional Corporation
714 W. Olympic Blvd., Suite 300
Los Angeles, California 90015
Telephone: 213-748-7734
Facsimile: 213-748-8879
Email: arturo@calljacob.com

Attorneys for Plaintiff LAUREL PEYTON

UNITED SATES DISTRICT COURT

CENTRAL DISTRICT – WESTERN DIVISION

| | |
|---|---|
| LAUREL PEYTON;<br><br>Plaintiff,<br><br>vs.<br><br>DAYS INN WORLDWIDE, INC., CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; and DOES 1 to 50,<br><br>Defendants. | Case No.: 5:24-cv-01575-SVW-MAA<br><br>**DECLARATION OF ARTURO T. SALINAS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.**<br><br>Complaint Filed: December 27, 2023<br>Trial Date: March 25, 2025 |

**DECLARATION OF ARTURO T. SALINAS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT.**

I, Arturo T. Salinas, declare:

I am an attorney at law duly licenses to practice in all courts of the State of California and in the United States District Court, Central District of California. I am employed as an attorney in the Law Offices of Jacob Emrani, attorneys of record for the Plaintiff herein. I am the attorney in the office responsible for the daily handling of this matter, as such I have personal knowledge of all things stated herein. If called and sworn as a witness, I could and would testify as follows:

1. Attached hereto at Exhibit 1 is a true and correct copy of the Defendant, CONTINUUM 33, LLC's Responses to Plaintiff's initial Request for Production of Documents. Therein, in response to Request no. 7, Defendant acknowledges therein that it had no written policies or procedures for inspections of the pool deck lounge chairs at the subject hotel at the time of the incident involving Plaintiff.

2. On February 11, 2025, the day before this motion was served on me electronically, I emailed the defense counsel, Garrett Smee, about scheduling the depositions of Jon Newman, General Manager of the hotel Erin Sammons, and employee Megan Fox Reeves. Today, February 24, 2025, I deposed Jon Newman. Two days ago, more than a week after it served its Motion, on Saturday February 22, 2025, the defense did confirm the deposition of Erin Sammons for Wednesday, February 26, 2025. As to Ms. Fox Reeves, the defense has told me they have had no success contacting her, apparently, and they gave me Mr. Fox

Reeves phone number and left it up to me to obtain her cooperation. It happens that Sammons and Newman have offered declarations in support of the motion.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct and that I signed this declaration on February 24, 2025 at Los Angeles, California.

*Arturo Salinas*

Arturo T. Salinas, declarant

Exhibit "1"

Garrett A. Smee, Esq. (SBN 228055)
**RESNICK & LOUIS, P.C.**
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714)709-4400
Facsimile: (714) 709-4400
E-mail: gsmee@rlattorneys.com
E-Service: mail@rlattorneys.com

Attorneys for Defendant, CONTINUUM 33, LLC, dba Days Inn and WYNDHAM HOTELS & RESORTS, LLC, Delaware Limited Liability Companies

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT – EASTERN DIVISION

| | |
|---|---|
| LAUREL PEYTON,<br><br>Plaintiff,<br><br>v.<br><br>DAYS INN WORLDWIDE, INC.; CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-01575-SVW-RAO<br><br>**DEFENDANT, CONTINUUM 33, LLC, DBA DAYS INN'S, RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>*Complaint filed: December 27, 2023*<br>*Trial date: March 25, 2025* |

PROPOUNDING PARTY: Plaintiff, LAUREL PEYTON

RESPONDING PARTY: Defendant, CONTINUUM 33, LLC, dba Days Inn

SET NUMBER: ONE (1)

## PRELIMINARY STATEMENT

Responding Party has not yet fully completed its investigation of the facts related to this case, completed its discovery in this action nor finished its preparation for trial. The responses set forth herein are specifically based upon such information and documents as are presently available to and specifically known by Responding Party. It is believed that further discovery, investigation and analysis will supply additional facts and information, add new meaning to facts presently known and supply new evidence leading to new conclusions and legal contentions. All of the additional information may result in substantial additions, changes and modifications to the responses set forth herein.

The responses contained herein are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts or information which may later become known to Responding Party. Responding Party reserves the right to change any and all responses herein as additional facts and further information is obtained, new analyses are made, and legal research is completed. The information contained herein is given in good faith effort to supply as much factual material as is presently known by Responding Party but should in no way prejudice Responding Party's rights to make new contentions or provide additional investigation, research and/or legal analysis.

Responding Party reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all such witnesses, facts, and evidence, notwithstanding the absence of reference to such witnesses, facts and evidence in these responses. Finally, because Responding Party's attorneys and investigators may have ascertained some of these responses, Responding Party may not have personal knowledge and the information from which such responses were derived.

/ / /

/ / /

Defendant responds and objects to Plaintiffs' Interrogatories as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Respondent has objected or responded to any Request shall not be deemed an admission that Respondent accepts or admits the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Respondent has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Respondent of any part of any objection to any Request.

The responses and objections are made on the basis of information and writings currently available to and located by Respondent upon reasonable investigation. Respondent expressly reserve the right to modify, revise, supplement, or amend its responses as deemed appropriate.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, (SET ONE)**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all surveillance video which captures one hour before and after the alleged deck chair collapse of April 6, 2022, at the Days Inn at 1983 N. Palm Canyon Road in Palm Springs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This question assumes facts and is argumentative. Without waiving this objection, and subject to this objection, Responding Party states: Responding Party cannot comply with this request as no such documents have ever existed.

///

**REQUEST FOR PRODUCTION NO. 2:**

Any and all photographs which capture any part of the alleged chair collapse of April 6, 2022, or its aftermath.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This question assumes facts and is argumentative. Without waiving this objection, and subject to this objection, Responding Party states: Responding Party cannot comply with this request as no such documents have ever existed.

**REQUEST FOR PRODUCTION NO. 3:**

Any witness statements concerning the alleged chair collapse of April 6, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This question calls for information in violation of the attorney-client and attorney work-product privileges.

**REQUEST FOR PRODUCTION NO. 4:**

Any written reports concerning the alleged chair collapse of April 6, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This question calls for information in violation of the attorney-client and attorney work-product privileges.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all manufacturer's user's manuals for the deck chair which allegedly collapsed on April 6, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party is unable to comply with this request as Responding Party does not have possession, custody or control of the documents in question.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all manufacturer's assembly instructions, including diagrams, for the deck chair which allegedly collapsed on April 6,2022.

///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. Overbroad and compound. Without waiving these objections, and subject to these objections, Responding Party states: Responding Party is unable to comply with this request as Responding Party does not have possession, custody or control of the documents in question.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all deck chair inspection records maintained by YOU from April 6, 2018 to April 6, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. Vague, ambiguous and overbroad. Unreasonably burdensome. In addition, this question seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, and subject to these objections, Responding Party states: No such documents have ever existed.

Dated: January 21, 2025

**RESNICK & LOUIS, P.C.**

By: Garrett A. Smee

Garrett A. Smee, Esq.
Attorney for Defendants
CONTINUUM 33, LLC, dba Days Inn and WYNDHAM HOTELS & RESORTS, LLC, Delaware Limited Liability Companies

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT – WESTERN DIVISION**

| | |
|---|---|
| LAUREL PEYTON,<br><br>Plaintiff,<br><br>v.<br><br>DAYS INN WORLDWIDE, INC.; CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-01575-SVW-RAO<br><br>**CERTIFICATION OF JON NEWMAN**<br><br>*Complaint filed:* *December 27, 2023*<br>*Trial date:* *March 25, 2025* |

I, Jon Newman, do hereby certify as follows:

I am an agent of Defendant, Continuum 33, LLC, dba Days Inn.

Attached hereto are true and correct copies of Defendant, Continuum 33, LLC, dba Days Inn's, Responses To:

- Plaintiff's Special Interrogatories, Set One.
- Plaintiff Requests for Production of Documents, Set One.

I hereby certify that the statements made in these responses are true based on information and belief.

Dated: January 21, 2025

By: ______________________

Jon Newman

# CERTIFICATE OF SERVICE

I served certify that the following document(s):

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH DECLARATIONS OF LAUREL PEYTON; KENNETH ALVIN SOLOMON, Ph.D.; AND ARTURO T. SALINAS, ESQ.**

was/were served on this date to counsel of record:

Garrett A. Smee, Esq.
**RESNICK & LOUIS, P.C.**
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 709-4400
Facsimile: (714) 709-4400
E-mail: gsmee@rlattorneys.com
E-Service: mail@rlattorneys.com
sebeckmann@rlattorneys.com

*Attorneys for Defendant and Counter-Complainant,*
*CONTINUUM 33, LLC, dba Days Inn, and*
*DAYS INNS WORLDWIDE, INC.*

**XX** BY ELECTRONIC TRANSMISSION: I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

**XX** BY ELECTRONIC EMAIL: I caused the documents to be electronically served addressed to all parties appearing on the electronic service list for the above-entitled case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 24, 2025, at Los Angeles, California.

*Annette Zapata*
ANNETTE ZAPATA