Arturo T. Salinas, Esq., State Bar No. 134174
LAW OFFICES OF JACOB EMRANI
A Professional Corporation
714 W. Olympic Blvd., Suite 300
Los Angeles, California 90015
Telephone: 213-748-7734
Facsimile: 213-748-8879
Email: arturo@calljacob.com

Attorneys for Plaintiff
LAUREL PEYTON

UNITED SATES DISTRICT COURT

CENTRAL DISTRICT – EASTERN DIVISION

| | |
|---|---|
| LAUREL PEYTON;<br><br>Plaintiff,<br><br>vs.<br><br>DAYS INN WORLDWIDE, INC., CONTINUUM 33, LLC; MANAGER IAN KAMINSKI; and DOES 1 to 50,<br><br>Defendants. | Case No.: 5:24-cv-01575-SVW-MAA<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT & LAW. (*Central District Local Rules*, Rule 16-4)**<br><br>MSJ Hearing Date: March 31, 2025<br><br>Complaint Filed: December 27, 2023<br>Trial Date: April 15, 2025 |

PLAINTIFF LAUREL PEYTON hereby submits the following memorandum of contentions of fact and law:

**(a) Summary of Claims Pleaded by Plaintiff Which She Plans to Pursue:**

(1) Defendant owed a duty of reasonable care to Plaintiff as a guest in Defendant's hotel, to maintain, operate, and inspect its premises to keep them in a safe condition for Plaintiff's foreseeable use.

**(2)** Defendant had a duty to properly hire, retain, train and supervise its employee to perform their work, including inspection and maintaining of pool deck lounge chairs, to keep them safe for Plaintiff's foreseeable use.

(3) Defendant breached its duty of care owed to Plaintiff, and created a dangerous condition on its premises, by failing to maintain, operate, and inspect its premises, in particular its pool deck chairs, so as to allow it to collapse under Plaintiff and cause the injuries complained of.

(4) Defendant breached its duty of care owed to Plaintiff, and created a dangerous condition on its premises, by failing to warn the Plaintiff regarding a danger posed by its pool deck chair in that if the back support is not properly engaged in the hanger loops on the back, it may collapse under the person foreseeably using the chair.

(5) Plaintiff suffered damages including economic damages in the form of past medical expenses, and general damages in the form of physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, anxiety, humiliation, and emotional distress.

**(b) Elements Required to Establish Plaintiff's Claims:**

(1) Plaintiff was a guest of the Defendant hotel.

(2) Plaintiff's use of the subject pool deck lounge chair in the manner she used it was foreseeable to Defendant.

(3) The lounge chair unexpectedly collapsed under Plaintiff.

(4) Defendant owed a duty of reasonable care to the Plaintiff while she was on its property foreseeable using its equipment.

(5) Defendant breached in duty of care by failing to maintain its premises in safe condition, or to warn of any dangers, in view of Plaintiff's foreseeable use of the lounge chair.

(6) As the result of the Defendant's breach of duty, Plaintiff suffered special and general damages.

**(c) Brief Description of the Key Evidence in Support of Plaintiff's Claims:**

(1) Plaintiff was a paying guest and the Defendant hotel and was using the pool side lounge chair in a reasonably foreseeable manner.

(2) The back support section of the lounge chair unexpectedly, without warning, and suddenly collapsed to the point where Plaintiff's head was below the level of her feet.

(3) Defendants failed to maintain the premises, and keep the lounge chair in a safe condition, or to warn of any danger inherent in the lounge chair.

(4) Defendant failed to undertake any reasonably active inspection of its equipment, in

particular its pool side lounge chairs. The general manager of the hotel will testify the protocol was for staff to walk throughout the hotel, including the pool area, and to "keep a look out" for things that may be a danger. Plaintiff will present expert testimony that this protocol is not sufficient or adequate, and that under the law, and inference exists that Defendant was under constructive notice of the danger**.**

(5) As the result of Defendants negligence the evidence will show that Plaintiff suffered a compression fracture at her lumbar spine, level L-3, and damage to her teeth, in the incident. The spinal injury required surgery, and the dental injury required extensive treatment to repair her teeth.

(6) The evidence will show that Plaintiff has suffered extensive special damages in the form of expense for the medical treatment.

(7) The evidence will show that Plaintiff has suffered extensive general damages in the form of physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, anxiety, humiliation, and emotional distress, all as the result of the negligence of the defendant.

**(i) Issues of Law and Plaintiff's Position on the Issues.**

Under the case law, in particular *Ortega v. Kmart Corp*. (2001)26 Cal.4th 1200, 1205; and *Howard v. Omni Hotels* (2012) 203 Cal. App. 4th 403, 431-433, Defendant had a duty to conduct reasonable and active inspections of its premises, and if it failed to conduct such inspections, Plaintiff is entitled to an inference that Defendant would have discovered the danger posed by the lounge chair in time to have addressed it , or to have warned the Plaintiff

of the danger.

A timely request for a jury trial has been made and all issues including Defendant's duty owed to Plaintiff, its breach of its duty, Plaintiff's injuries and damages, and the proximate cause of said injuries and damages will be tried to the jury.

Dated: April 4, 2025

Respectfully submitted:
**LAW OFFICES OF JACOB EMRANI**
A Professional Corporation

BY: Arturo Salinas
ARTURO T. SALINAS, ESQ.
Attorneys for Plaintiff
LAUREN PEYTON

CERTIFICATE OF SERVICE

I served certify that the following document(s):

- **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EVIDENCE**

was/were served on this date to counsel of record:

Garrett A. Smee, Esq.
**RESNICK & LOUIS, P.C.**
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 709-4400
Facsimile: (714) 709-4400
E-mail: gsmee@rlattorneys.com
E-Service: mail@rlattorneys.com
sebeckmann@rlattorneys.com
*Attorneys for Defendant and Counter-Complainant,*
*CONTINUUM 33, LLC, dba Days Inn, and*
*DAYS INNS WORLDWIDE, INC.*

**XX** BY ELECTRONIC TRANSMISSION: I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

**XX** BY ELECTRONIC EMAIL: I caused the documents to be electronically served addressed to all parties appearing on the electronic service list for the above-entitled case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 4, 2025, at Los Angeles, California.

*Annette Zapata*
ANNETTE ZAPATA